**Charles J. LANTZ, Petitioner-Appellant,**

**v.**

**Robert C. SEAMANS, Jr., Secretary of the Air Force, Respondent-Appellee.**

**No. 21, Docket 74–1364.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 9, 1974.

Decided Oct. 8, 1974.

Frederick H. Cohn, New York City, for petitioner-appellant.

Thomas A. Illmensee, Asst. U. S. Atty., Brooklyn, N. Y. (David G. Trager, U. S. Atty., and Raymond J. Dearie, Asst. U. S. Atty., Brooklyn, N. Y., on the brief), for respondent-appellee.

Before SMITH, TIMBERS and GUR-FEIN,\* Circuit Judges.

PER CURIAM:

Charles J. Lantz, an unattached, inactive United States Air Force reservist, appeals from an order entered January 30, 1974 in the Eastern District of New York, Mark A. Costantino, District Judge, dismissing for lack of jurisdiction a petition for a writ of habeas corpus by which Lantz challenged the denial by the Secretary of the Air Force of his application for a discharge based on his claim of conscientious objector status.

The narrow issue presented is the correctness of the district court's determination that it lacked subject matter and in personam jurisdiction because petitioner's "custodian", i. e. his nominal commanding officer or other officer in his chain of command, was not located within the district court's jurisdiction, and petitioner's only contact within the court's jurisdiction was his domicile.

We reverse essentially upon the authority of our own decision in Arlen v. Laird, 451 F.2d 684 (2 Cir. 1971), which later was approved by the Supreme Court in Strait v. Laird, 406 U.S. 341, 344–45 (1972). See also Eisel v. Secretary of the Army, 477 F.2d 1251 (D.C. Cir. 1973), and United States ex rel. Applebaum v. Seamans, 365 F.Supp. 1177 (S.D.N.Y.1973), both of which we approve.

In the instant case, while Maryland is the place where petitioner's conscientious objector application was filed and processed and Colorado is the place where his records are kept, we hold upon the authorities cited above that New York is the proper forum for this habeas corpus proceeding and that the jurisdictional underpinning is provided by the facts that petitioner is domiciled in New York; he is a member of the New York bar; and the Air Force implicitly recognized New York as the place of "custody" in notifying him there of the denial of his application for discharge.

Reversed and remanded for a hearing on the merits.

---

\* At the time of oral argument, Judge Gurfein was a District Judge of the United States District Court for the Southern District of New York, sitting by designation.